1
2
3
4
5
6
7            IN THE UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JOHN ANTHONY VELLA,

11              Petitioner,                No. CIV S-07-2635 JAM EFB P

12        vs.

13   KEN CLARK, Warden, et al.,

14              Respondents.               ORDER

15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17   U.S.C. § 2254.  On August 6, 2008, petitioner requested an extension of time to file and serve an

18   opposition to respondents' July 8, 2008, motion to dismiss.  *See* Fed. R. Civ. P. 6(b).  That

19   request is granted.

20        On August 21, 2008, petitioner filed a request for an order directing prison officials to

21   provide him with preferred legal user ("PLU") access to the law library and to produce "all

22   personal property."  Pet.'s Aug. 21, 2008 Mot. at 1.  Petitioner attaches to his request the

23   librarian's August 7, 2008, denial of his request for PLU status.  The denial states that petitioner

24   should resubmit his request once he can provide court documentation that he has a filing

25   deadline.  *See* Cal. Code Regs, tit. 15, § 3122 (stating that inmates with established court

26   deadlines shall be given higher priority to access law library resources than those with longer

1

2:07-cv-02635-JAM-EFB   Document 19   Filed 09/11/08   Page 2 of 2

deadlines or without a deadline).  As set forth herein, the court has set a deadline by which

petitioner must file and serve his opposition to respondents' motion to dismiss, and thus,

petitioner's request for court-ordered PLU access to the law library is unnecessary.

Additionally, it is unclear what petitioner seeks by his request for the production of "all personal

property."  If petitioner seeks such injunctive relief, he is referred to Federal Rule of Civil

Procedure 65 and Local Rule 65-231, both of which govern motions for such relief.

In the same August 21, 2008 filing, petitioner also requests that the court appoint

counsel.  There currently exists no absolute right to appointment of counsel in habeas

proceedings.  *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996).  The court may appoint

counsel at any stage of the proceedings "if the interests of justice so require."  *See* 18 U.S.C.

§ 3006A; *see also* Rule 8(c), Rules Governing Section 2254 Cases.  The court does not find that

the interests of justice would be served by the appointment of counsel at this stage of the

proceedings.

Accordingly, it hereby is ORDERED that:

1.  Petitioner's August 6, 2008, request for extension of time is granted and petitioner has

sixty days from the date this order is served to file and serve an opposition to respondents' July

8, 2008, motion to dismiss.

2.  Petitioner's August 21, 2008, request for an order directing prison officials to provide

him with PLU access to the law library and to produce all personal property is denied.

3.  Petitioner's August 21, 2008, petition for appointment of counsel is denied without

prejudice.

DATED:  September 11, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2