IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ANTHONY VELLA,

          Petitioner,      No. CIV S-07-2635 JAM EFB P

   vs.

KEN CLARK, et al.,

          Respondents.
                              ORDER AND FINDINGS
                              AND RECOMMENDATIONS

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent Ken Clark, Warden of the California Substance Abuse Treatment Facility, moves to dismiss this action on the grounds that it is untimely and that one of petitioner's claims was not properly exhausted. Petitioner concedes that his fourth claim is unexhausted and agrees to dismiss that claim. Petitioner otherwise opposes respondent's motion, arguing that although his habeas petition was filed after the applicable statute of limitations had passed, he is entitled to equitable tolling. For the reasons explained below, the court finds the petition untimely and therefore recommends that it be dismissed.

**I. Procedural History**

      On September 29, 1998, petitioner pled guilty to being a prisoner in possession of a sharp instrument and was thereafter sentenced to a determinate term of four years. Pet. at 2, 11;

1

1  Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc.") No. 1.  Petitioner did not
2  appeal his conviction.  Pet. at 2-3.

3  On April 14, 2003, petitioner filed his first petition for writ of habeas corpus in Lassen
4  County Superior Court.  Lodg. Doc. No. 2.  The petition was denied on May 6, 2003.  Pet. at 3,
5  Ex. E(1); Lodg. Doc. No. 3.  Thereafter, petitioner filed six additional habeas petitions in state
6  court.  On August 20, 2003, he filed a petition in the California Court of Appeal for the Third
7  Appellate District, which was denied on September 4, 2003.  Pet. at 3, Ex. F; Lodg. Doc. Nos. 4,
8  5.  On October 21, 2003, he filed a petition in the California Supreme Court, which was denied
9  on November 25, 2003.  Pet. at 4, Ex. G; Lodg. Doc. Nos. 6, 7.

10  On November 15, 2005, he filed another petition in Lassen County Superior Court, which
11  was denied on March 2, 2006.  Pet. at 3, 56; Lodg. Doc. Nos. 8, 9.  On May 19, 2006, he filed a
12  petition in the California Court of Appeal for the Third Appellate District, which was denied on
13  June 1, 2006.  Pet. at 3, 59; Lodg. Doc. Nos. 10, 11.  On July 15, 2006, he filed a petition in the
14  California Supreme Court, which was denied on February 14, 2007.  Pet. at 4, Ex. S; Lodg. Doc.
15  Nos. 12, 13.  Finally, on November 6, 2006, he filed a third petition in the California Supreme
16  Court, which was denied on February 14, 2007.  Resps.' Lodg. Doc. Nos. 14, 15.

17  Petitioner filed this action on December 7, 2007, alleging that his 1998 conviction and
18  resulting sentence violate his Sixth Amendment right to a speedy and public trial (Ground #1),
19  his Fourteenth Amendment right to equal protection of the laws (Ground #2), and his Sixth
20  Amendment right to effective counsel (Ground #3), and challenging the California Supreme
21  Court's refusal to rule on the merits of his petition (Ground #4).  Pet. at 5-6.

22  **II.  Exhaustion**

23  Respondent moves to dismiss the petition on the ground that petitioner's fourth claim
24  was not properly exhausted and a federal court cannot entertain a petition containing both
25  exhausted and unexhausted claims.  Resp.'s Mot. to Dism., at 6-7.  In response, petitioner
26  requests that his unexhausted fourth claim be deleted or dismissed without prejudice from his

1 petition. Pet'r Mot. to Delete Ground # 4 from Pet. at 1. Accordingly, the petition is deemed
2 amended to reflect dismissal of petitioner's fourth claim. Respondent's argument for dismissal
3 on this ground is therefore moot.

**III. Statute of Limitations**

Respondent also moves to dismiss the petition as untimely. Resp.'s Mot. to Dism. at 3. Respondent argues that petitioner's last day to file a federal petition was November 28, 1999, and that petitioner is not entitled to either statutory or equitable tolling. *Id.* at 3-4. Petitioner counters that he is entitled to equitable tolling of the statute of limitations and moves for discovery and an evidentiary hearing regarding his equitable tolling claim. Pet'r Opp'n to Resp.'s Mot. to Dism. ("Opp'n") at 8-9.

**A. Standards**

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The period is tolled once a petitioner properly files a state post conviction application, and remains tolled for the entire time that application is "pending." *Id*. § 2244(d)(2). In California, a properly filed post conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

A court may grant equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of

the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). These circumstances must actually cause the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner has the burden of showing facts entitling him to statutory and to equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**B. Analysis**

Respondent argues the petition is untimely under § 2244(d) because it was not filed until December 7, 2007, and petitioner's statute of limitations expired on November 28, 1999. Resp.'s Mot. to Dism. at 4. Respondent contends that because there were no state post-conviction applications filed during the one-year limitations period (the first state habeas petition was not filed until April 2003), petitioner is not entitled to statutory tolling. *Id*. Respondent also argues petitioner is not entitled to equitable tolling because although petitioner argues he did not have access to his legal property while he was in administrative segregation, his own behavior caused his placement in administrative segregation. *Id*. at 5. Respondent further argues that petitioner is not entitled to equitable tolling because prison lockdowns do not excuse a petitioner's failure to show diligent pursuit of federal claims unless the petitioner can show that the lockdowns interfered with the ability to file within the one-year available under the statute, and petitioner was not diligent in attempting to timely file his petition. Resp.'s Mot. to Dism. at 5-6.

Petitioner does not dispute that, absent tolling, his statute of limitations period expired on November 28, 1999. Rather, petitioner argues that he is entitled to equitable tolling because he was on lockdown at Pelican Bay State Prison ("Pelican Bay") from August 1999 until January 2003. Opp'n at 8-9. In his opposition to respondent's motion, petitioner also requests an evidentiary hearing and an opportunity to conduct discovery regarding the lockdown procedures in place at Pelican Bay. *Id.* Petitioner concedes that he has not always been a model prisoner

but argues that the lockdown at Pelican Bay was not his fault, and argues that he diligently sought to obtain habeas relief but could not do so because of the lockdown. *Id.* at 4-5. Petitioner states: "And while there is no doubt that in the course of these proceedings there were numerous instances in which the instant petition should have or could have been filed, to dismiss the writ with prejudice, without so much as an evidentiary hearing to resolve the questions surrounding the issues raised in the petition filed." *Id.* at 6.

Respondent counters that "the date of the 'major lockdown' appears to be in 2007," so petitioner cannot be entitled to equitable tolling on that ground. Resp.'s Reply at 3. Respondent also argues that the prison lockdown at Pelican Bay does not entitle petitioner to equitable tolling because it does not amount to an extraordinary circumstance and petitioner was not diligent in seeking habeas relief. *Id.* at 5, 6. Respondent notes that petitioner "has not provided any specifics about why he did not begin his pursuit of state habeas relief any sooner." *Id.* at 5. Respondent opposes petitioner's motion for an evidentiary hearing and discovery as premature and unnecessary. *Id.* at 5-6. Respondent also argues that the discovery petitioner seeks only relates to lockdown procedures starting in August 1999 and that such a time frame would only account for the last four months of petitioner's statute of limitations period. *Id.* at 6.

Petitioner responds that he can establish he is entitled to equitable tolling if he is granted an evidentiary hearing and an opportunity to conduct discovery. Pet'r Reply at 1. Petitioner argues that from August 1999 to January 2003, he was denied access to his legal documents and the law library at Pelican Bay. *Id.* at 2. He further contends that for the eight months prior to that time period, he was housed in Administrative Segregation and tried to contact his attorney, who told him he would file a petition on his behalf. *Id.* at 2-3.

Even assuming petitioner is entitled to equitable tolling for the time period he alleges he was denied access to his legal materials and to the law library (August 1999 to January 2003),[1]

---

[1] Although it is assumed for simplicity of analysis that petitioner is entitled to equitable tolling during this time period, petitioner may not be entitled to such tolling. As an initial point,

5

and even assuming petitioner is entitled to equitable tolling for the time period when petitioner was in Administrative Segregation and relied upon his attorney's statement that he would file a petition on petitioner's behalf (November 1998 to August 1999),[2] petitioner's federal petition is still untimely.

Petitioner admits that as of January 16, 2003, when he was transferred out of Pelican Bay, he had access to his legal materials and a law library. Opp'n at 2, 5, Ex. B; Pet. at 68. Yet, petitioner did not file his initial state habeas petition until April 14, 2003.[3] Accordingly, almost three months of petitioner's statute of limitations elapsed during that time period. Additionally,

---

petitioner has not specifically shown how the alleged lockdown caused his inability to file a habeas petition for over 3 ½ years. *Bryant v. Schriro*, 499 F.3d 1056, 1061 (9th Cir. 2007) (concluding that the unavailability of case law interpreting § 2244(d) in an Arizona prison facility did not entitle the petitioner to equitable tolling, both because of the petitioner's failure to establish the requisite causal connection and because of his failure to pursue his petition with diligence); *but see Espinoza-Matthews v. California*, 432 F.3d 1021 (9th Cir. 2005) (equitable tolling warranted where petitioner, despite diligence, was denied access to his legal materials while in Ad/Seg for eleven months); *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2006) (concluding that prison law library's failure to provide or stock copy of AEDPA may constitute grounds for equitable tolling and remanding to district court for fact finding). Additionally, it is unclear from petitioner's filings whether all of Pelican Bay's inmates were on lockdown during this entire period or whether petitioner was on lockdown because of his behavior. As respondent notes, if petitioner's behavior was the basis for his lack of access to his legal documents and/or the law library, he may not be entitled to equitable tolling. *See Valverde v. Stinson*, 224 F.3d 129, 133 n.3 (2nd Cir. 2000) (causal relationship required and petitioner's own behavior may disentitle him to equitable tolling).

[2] Again, although it is assumed for simplicity of analysis that petitioner is entitled to equitable tolling during this time period, petitioner may not be entitled to such tolling. *See Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir. 2001) (miscalculation of the limitations periods and counsel's negligence in general did not constitute extraordinary circumstances sufficient to warrant equitable tolling); *Miranda v. Castro*, 292 F.3d 1063 (9th Cir. 2002) (because there is no right to the assistance of appointed appellate counsel regarding post-conviction relief, it follows that there is no right to that attorney's "effective" assistance either, and therefore miscalculation of the limitations period and appellate counsel's negligence in general did not constitute extraordinary circumstances sufficient to warrant equitable tolling); *but see Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003) (finding that equitable tolling was warranted where attorney was hired nearly a full year in advance of the deadline but completely failed to prepare and file a petition, was contacted by Spitsyn and mother numerous times by telephone and in writing, and retained the file beyond the expiration of the statute of limitations).

[3] In his opposition, petitioner does not challenge any of the dates respondent cites in his motion.

6

after the California Supreme Court denied petitioner's state habeas petition for the last time on February 14, 2007, petitioner did not file this action until December 7, 2007. Almost 10 months elapsed during that time period. Therefore, based on those two time periods alone, petitioner exceeded the one year statute of limitations.[4]

Additionally, even if petitioner is entitled to statutory tolling from the time his first habeas petition was filed in Lassen County Superior Court on April 14, 2003 until his first petition filed in the California Supreme Court was denied on November 25, 2003,[5] he was not entitled to statutory tolling for the time between that California Supreme Court denial on November 25, 2003 and the time he filed his second habeas petition in Lassen County Superior Court, raising new claims for relief, on March 2, 2006 – a time period of over 27 months.[6] Once petitioner received a final decision from the highest state court denying his habeas petition, he no longer had a state habeas petition "pending." *Saffold*, 536 U.S. at 219-25 ("[A]n application is pending as long as the ordinary state collateral review process is 'in continuance' – i.e., 'until the completion' of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'"); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (Under "California's post-conviction procedure, . . . the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge.

---

[4] Petitioner does not argue he is entitled to equitable tolling during these time periods.

[5] Petitioner also may not be entitled to statutory tolling for the time period during which his first petition was pending before the California Supreme Court or the gap between the Superior Court's denial and the filing of his Supreme Court petition. In denying his petition, one of the authorities the Supreme Court cited was *In re Robbins*, 18 Cal.4th 770, 780 (1998). Pet., Ex. G. The Ninth Circuit has held that the California Supreme Court's citation to *In re Robbins* was a clear ruling that it denied the petitioner's petition as untimely and that therefore the district court was correct in finding that petitioner was not entitled to statutory tolling for the gap between his state filings. *Thorsen v. Palmer*, 479 F.3d 643 (9th Cir. 2007). Moreover, petitioner himself argues that the California Supreme Court refused to decide his case on the merits because it was untimely. Pet. at 6 (Ground #4).

[6] Petitioner does not argue he is entitled to equitable tolling during this time period.

AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."); *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (petitioner not entitled to tolling for gaps between separate rounds of review). Although petitioner filed a federal habeas petition during that time period (on November 10, 2004), as noted above, a federal habeas petition does not toll the AEDPA statute of limitations. Pet., Exs. I-N; *Duncan*, 533 U.S. at 181-82.

Nor is petitioner entitled to statutory tolling for the time between filing his second Lassen County habeas petition on November 25, 2005 and his second/third California Supreme Court denial on February 14, 2007 – a time period of 14 ½ months – because those habeas petitions were not "properly filed."[7] The Supreme Court has defined "a properly filed application" to mean an application that is delivered to and accepted by the appropriate court in compliance with the applicable laws and rules governing filings, such as requirements concerning the form of the document, applicable time limits upon its delivery, filing in the proper court, and payment of a filing fee. *Artuz v. Bennett*, 531 U.S. 4, 8-10 (2000). "[T]ime limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [state post conviction relief] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Allen v. Siebert*, 128 S.Ct. 2, 4 (2007) (per curiam) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). In denying his November 25, 2005 habeas petition, the Lassen County Superior Court found that the petitioner was "untimely" because petitioner "had previously collaterally attacked his sentence in this court [and a] habeas petitioner must raise all his claims in one timely filed petition . . . or be denied as an abuse of the writ." Pet. at 56. Also, in denying his second habeas petition, the California Supreme Court cited *In re*

---

[7] Petitioner does not argue he is entitled to equitable tolling during this time period.

*Robbins*, 18 Cal.4th 770, 780 (1998) and *In re Clark*, 5 Cal.4th 750 (1993), indicating that the petition was untimely. Lodg. Doc. No. 13. Therefore, the petitions were not "properly filed." *Bonner v. Carey*, 425 F.3d 1145 (9th Cir. 2005) (California Superior Court's denial because the claims could have been raised in an earlier petition and because there "[w]as no reason stated for any delay in this regard," was a denial based on untimeliness, and therefore under *Pace* the petition was not "properly filed" and petitioner was not entitled to statutory tolling); *Thorsen*, 479 F.3d 643 (holding that the California Supreme Court's citation to *In re Robbins* was a clear ruling that it denied the petitioner's petition as untimely).

Because petitioner's federal habeas petition was filed well beyond the expiration of the AEDPA one-year statute of limitations, petitioner's federal petition was untimely and must be dismissed. Petitioner's motions for an evidentiary hearing and for discovery are denied as moot.

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motions for an evidentiary hearing and for discovery is denied. Further, it is hereby RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 4, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE