IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ANTHONY VELLA,

    Petitioner,                    No. CIV S-07-2635 JAM EFB P

    vs.

KEN CLARK, et al.,

    Respondents.               ORDER

                                  /

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On March 4, 2009, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. On March 26, 2009, this court adopted the findings and recommendations and judgment was entered for respondents.

        However, on March 25, 2009, petitioner filed objections to the findings and recommendations which were not docketed by the Clerk prior to issuance of the March 26 order and judgment and therefore were not considered. On April 6, 2009, petitioner filed a response to

1

the court's order adopting the findings and recommendations, requesting that the court consider his March 25 objections. That request is granted. Although the March 25 objections were not filed until after the expiration of the deadline set forth in the findings and recommendations, they will be deemed timely filed. See Houstan v. Lack, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court). Accordingly, the March 26, 2009 order adopting the findings and recommendations and judgment are vacated.

Nonetheless, after reviewing the file and petitioner's objections, the court again finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.[1] Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 4, 2009, are adopted in full;

2. Petitioner's application for a writ of habeas corpus is dismissed as untimely; and,

3. The Clerk is directed to close the case.

/DATED: April 29, 2009

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner argues, *inter alia*, in his objections to the findings and recommendations that the time period between his transfer in January 2003 and the filing of his original petition in April 2003 should be tolled because "3 months 21 days passed in the transfer that [he] was without [his] personal property" and he "filed as fast as [he] could once [he] received access to the legal library and the courts." Pet.'s Obj. at 4. However, petitioner states in his application for a writ of habeas corpus filed December 7, 2007, that upon his transfer in January 2003, he "finally received all [his] legal property, and unobstructed access to the legal library." Pet. at 68 (emphasis in original). Nonetheless, even if petitioner were entitled to equitable tolling for that time period, his petition would still be untimely. See F&R's at 7-9.